■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered August 10, 1982, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence of 8⅓ to 25 years' imprisonment.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from 8⅓ to 25 years to 5 to 15 years' imprisonment. As so modified, judgment affirmed.

Although a police report containing the complainant's description of his assailant, which description the defendant alleges is markedly different from his actual appearance on the day of the robbery, probably should have been admitted

into evidence *(see, People v McIntyre,* 71 AD2d 956; *People v Jackson,* 40 AD2d 1006; Richardson, Evidence § 299 [Prince 10th ed]; *but see, Johnson v Lutz,* 253 NY 124), it is not necessary for us to rule on this question since, even if the trial court's refusal to admit the report in evidence was error, it was harmless and not sufficient to warrant reversal in light of overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

As to the defendant's claim that defense counsel was denigrated and a theory of his defense was trivialized by the trial court, an examination of the record and a comparison with other cases involving prejudicial denigration of counsel lead us to conclude that the court's rulings and comments in the case at bar do not begin to approach a level which would warrant reversal *(see, People v De Jesus,* 42 NY2d 519). Similarly, compared to cases involving prejudicial intervention by a Trial Judge, this Trial Judge's questioning of the defendant was not excessive, biased, hostile, or designed to elicit material, incriminating testimony *(see, e.g., People v De Jesus, supra; People v Mees,* 47 NY2d 997). The defendant contends that the Trial Judge's questions elicited testimony which could have suggested to the jury the possibility that the defendant was one of the hardened criminals imprisoned in Mariel, Cuba, and deported to this country in 1980. An examination of the record reveals, however, that the defendant *himself,* spontaneously and not in response to the Trial Judge's question, raised the topic of the Mariel prisoners by attempting to disclaim any relationship with those prisoners. The Trial Judge did not pursue this topic. It was defense counsel who later brought up this topic again and went on at some length, attempting to establish that the defendant was not one of the Mariel prisoners.

As for the sentence imposed, although it cannot be said that there was an abuse of discretion *(see, United States v Grayson,* 438 US 41; *Williams v New York,* 337 US 241), we believe that the sentence was excessive. The defendant received the maximum permissible sentence. He had no prior record in this country. Except for the sentencing Judge's personal belief that the defendant was lying about his background in Cuba, there was no information tending to show that he had a criminal record in Cuba. Therefore, since it is unusual for first offenders to receive the maximum permissible sentence in the absence of aggravating factors, we exercise our power under CPL 470.15 (3) to modify the sentence "as a matter of discretion in the interest of justice". The sentence is accordingly

reduced from 8⅓ to 25 years to 5 to 15 years' imprisonment. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.