■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MCMILLIAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Nastasi, J.), rendered June 8, 1984, convicting him of robbery in the first degree (four counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree (four counts), criminal use of a firearm in the second degree (four counts), grand larceny in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Delaney, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MCMILLIAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered March 26, 1986, convicting him of burglary in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 23, 1985, the defendant was apprehended one-half block from the Norelco warehouse with a box containing Norelco products. The arrest occurred within minutes after the security guard telephoned the police emergency "911" number. The security guard testified as to his conversation with the "911" operator. The defense counsel subsequently sought to introduce the tape recording of the "911" conversation in order to impeach the guard's credibility through the use of his prior inconsistent statements. When

the defense counsel and the Assistant District Attorney were unable to agree as to what parts of the tape should be played for the jury, the court instructed the defense counsel to play the entire tape which also contained prior consistent statements. Though the court offered to provide limiting instructions to the jury once the tape was played, the defense counsel opted not to present the tape to the jury.

While prior inconsistent statements are admissible for impeachment purposes *(People v Wise,* 46 NY2d 321), prior consistent statements may not be used to bolster a witness's testimony although such statements may be admissible to rebut a claim of recent fabrication or to explain or clarify an inconsistency *(see, People v Melendez,* 55 NY2d 445; *People v Davis,* 44 NY2d 269; *People v Torre,* 42 NY2d 1036; *People v Richardson,* 127 AD2d 617, *lv denied* 69 NY2d 954). Although redaction of the prior consistent statements would have been appropriate in the instant case, nevertheless, we find that any error in failing to order such a redaction was harmless in light of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Diaz,* 118 AD2d 651, *lv denied* 68 NY2d 769).

We further find no merit with respect to the defendant's claim that the court's charge was misleading and tantamount to a directed verdict. The charge, when viewed as a whole, properly apprised the jury as to the burden of proof and the elements of the crimes charged *(see, People v Diaz, supra; People v Simon,* 96 AD2d 1086). Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.