THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY ARONSEN, Appellant. [611 NYS2d 901] —Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 5, 1992, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On July 11, 1990, at around midnight, the complaining witness received a visit from her friend, Stewy, who introduced her to the defendant. The complaining witness recognized the defendant, having encountered him several times in the neighborhood. She allowed him to enter into her apartment along with Stewy.

While the complaining witness was engaged in a brief conversation with Stewy, she observed the defendant consume the seven or eight large cans of beer which he had brought with him. She observed him consume this quantity of beer, or so she testified, within the space of 10 minutes.

Shortly thereafter, the complaining witness expressed a desire for a roast beef sandwich and stated that one could be purchased at a food store near her apartment. However, she first needed to make a cash withdrawal from an automatic teller machine at a bank located across the street from the food store. The defendant offered to accompany her to that location.

The defendant and the complaining witness arrived at the bank between 12:33 and 12:43 A.M. The complaining witness made several unsuccessful attempts to withdraw the necessary cash. The defendant then suggested that the complaining

witness accompany him on a visit to the home of one of his friends. It was on the way to this destination that the defendant allegedly assaulted the complaining witness.

Under Kings County Indictment 7848/90, the defendant was accused of several crimes, including rape in the first degree and sodomy in the first degree. At trial, his attorney requested an intoxication charge and this request was denied. The defendant was found guilty of only one count, that is, sexual abuse in the first degree (see, Penal Law § 130.65 [1]), based on evidence of his having forcibly come into contact with the victim's breast for the purpose of sexual gratification. This appeal followed.

The defendant is not guilty of the crime of sexual abuse in the first degree as charged in the indictment unless he acted with the intent to obtain sexual gratification for himself or for the victim (see, Penal Law § 130.65 [1] [based on contact by forcible compulsion with victim's breast]; § 130.00 [3]; People v Wheeler, 67 NY2d 960; People v Guerra, 178 AD2d 434, 435). As a general rule, evidence of intoxication is relevant only when it bears on the defendant's capacity to form some culpable mental state which constitutes an essential element of the crime charged (see, People v Westergard, 69 NY2d 642; People v Segal, 54 NY2d 58, 66). In evaluating whether the jury ought to be instructed as to the significance of evidence relating to intoxication, the trial court must examine the evidence in a light most favorable to the defendant (see, e.g., People v Farnsworth, 65 NY2d 734; People v Vasquez, 104 AD2d 429). Applying these general rules, we conclude that an intoxication charge was warranted in the present case.

It is readily apparent that a rational juror might reasonably have concluded that the defendant's inhibitions were reduced or destroyed and that his conduct was consequently altered on account of alcohol consumption. This alone, of course, would not constitute a defense to the crime charged. The fact that his past consumption of alcohol might have weakened or destroyed the defendant's inhibitions against committing a culpable act is irrelevant; his intoxication is relevant only to the extent that it destroyed or weakened his ability to form the culpable mental state which, when associated with such act, gives rise to criminal liability (see, e.g., People v Rodriguez, 76 NY2d 918, 920; People v Farnsworth, supra; People v Perry, 61 NY2d 849).

The key question, then, is whether a rational juror might have either ascribed the defendant's lewd act to some purpose other than that of achieving sexual gratification (see, Penal

Law § 130.00 [3]) or found that the defendant was so besotted as to have had no purpose at all for his engaging in this act. As unlikely as such conclusions might seem to us as a matter of fact, we cannot say, as a matter of law, that they are conclusions which no rational juror could possibly reach. We are therefore obligated to order a new trial.

We have examined the defendant's remaining contentions to the extent necessary in light of this disposition, and find them to be without merit. Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.