(September 26, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD BARBER, Appellant. [647 NYS2d 590] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 16, 1994, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts), assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree.

Following a jury trial, defendant was convicted of two counts of burglary in the first degree, two counts of assault in the second degree and criminal possession of a weapon in the fourth degree. Sentenced as a second felony offender to concurrent prison terms of 12 1/2 to 25 years for each burglary conviction and 3 1/2 to 7 years for each remaining conviction, defendant now appeals. We affirm.

Defendant failed to preserve the argument that the prosecutor's summation was improper (see, CPL 470.05 [2]). In any event, the prosecutor, in making the comment that certain evidence "indicate[s] that [defendant] is not telling you the truth", was fairly responding to defense counsel's summation and did not overstep the bounds of permissible comment such that defendant was denied a fair trial (cf., People v Tarantola, 178 AD2d 768, lv denied 79 NY2d 954).

Nor are we persuaded that defendant was denied the effective assistance of counsel. The focus in reviewing such claims is "whether the defendant received meaningful representation" (People v English, 215 AD2d 871, 873, lvs denied 86 NY2d 793, 87 NY2d 900). Notably, this Court will not second guess an attorney's strategic and tactical decisions which in hindsight might have been unsuccessful, including those which entail the extent to which a witness will be cross-examined (see,

*People v Baldi*, 54 NY2d 137; *People v Page*, 225 AD2d 831, 834, *lv denied* 88 NY2d 883). Viewing the record as a whole (*see, People v Satterfield*, 66 NY2d 796; *People v Baldi, supra*, at 147) and taking into consideration defendant's specific complaints concerning trial counsel's cross-examination of the victim, defendant was not deprived of the effective assistance of counsel (*cf., People v Trait*, 139 AD2d 937, *lv denied* 72 NY2d 867). Rather, our review of the trial record reveals that counsel gave persuasive opening and closing statements consistent with the defense theory, cross-examined all witnesses, made numerous objections throughout the trial and made specific requests concerning the charge to the jury (*see, People v Parker*, 220 AD2d 815, 817, *lv denied* 87 NY2d 1023).

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.