(April 1, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MAXWELL, Appellant. [688 NYS2d 262] —Peters, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered August 19, 1997, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts) and sodomy in the first degree (two counts).

After trial, a jury convicted defendant of all five counts of the indictment charging him with two counts of sodomy in the first degree and three counts of rape in the first degree. Sentenced as a second felony offender to concurrent terms of 15 years' imprisonment for each count, he now appeals and we affirm.

Briefly addressing defendant's *Batson* (*Batson v Kentucky*, 476 US 79) contention that the People failed to put forth a race-neutral or nonpretextual explanation for their peremptory challenge to an African-American juror, we find that County Court, following *People v Allen* (86 NY2d 101) and *Batson v Kentucky* (*supra*), properly concluded that the juror's involvement in a violent confrontation similar to that before the court constituted a legitimate reason for the People's exercise of a peremptory challenge.

With no viable equal protection violation existing, we next address defendant's litany of trial errors. Evidence was admitted concerning defendant's purchase of a 40-ounce beer and the joint purchase and use of cocaine by defendant and the victim. While the victim had consumed large amounts of alcohol prior to meeting defendant, together they shared the one beer he purchased. Their cocaine use was limited to a $10 vial from which the victim smoked half and defendant and another each had one "hit". Defendant contends that County Court, after a hearing, improperly permitted the introduction of this evidence concerning the use and purchase of cocaine (*People v Ventimiglia*, 52 NY2d 350). Had it been offered solely to imply defendant's propensity to commit the crime with which he was charged, we would agree. "[T]o the extent that the evidence serves another legitimate purpose, such as establishing a defendant's identity or supplying background information to establish or explain some material fact, its admission is not precluded" (*People v Graves*, 194 AD2d 925, 926, *lv denied* 82 NY2d 719). Finding this testimony to have supplied valuable background information concerning events leading up to the rape and the relationship of the parties, we find no error in its admission. Furthermore, despite the evidence concerning

purchase and use of alcohol and drugs, we find that unlike *People v Aronsen* (204 AD2d 470), there was insufficient evidence of defendant's intoxication to support his request that the jury be instructed on that defense. The evidence revealed that defendant consumed a small amount of alcohol and drugs and did not display any evidence of intoxication (*see, People v Rodriguez*, 76 NY2d 918, 920-921; *People v Brown*, 226 AD2d 1108, *lv denied* 88 NY2d 964).

Similarly unavailing is defendant's contention that sexual misconduct is a lesser included offense of rape in the first degree and, therefore, such offense should have been charged to the jury. We have repeatedly held that the prosecution is vested with the discretion to determine under what statute a defendant will be prosecuted. Because sexual misconduct involves forcible compulsion, it is "not a lesser included offense of rape in the first degree since an acquittal of the rape charge would also, as a matter of law, be an acquittal of the sexual misconduct charge" (*People v Simms*, 58 AD2d 720, 721; *see, People Cole*, 212 AD2d 822, *lv denied* 86 NY2d 733).

Nor are we persuaded that defendant was denied the effective assistance of counsel. Applying the well-settled *Baldi* standard (*People v Baldi*, 54 NY2d 137) and viewing the totality of the evidence, the law, and the circumstances of this case as of the time of representation, we find that counsel provided defendant with meaningful representation (*id.*, at 146-147). Defense counsel engaged in extensive motion practice, competently examined witnesses, and raised numerous objections at trial. Contrary to defendant's inclination, we will not second-guess counsel's strategy and tactical decisions, including the extent to which a witness should be cross-examined (*see, People v Barber*, 231 AD2d 835).

Addressing next whether the jury's verdict was against the weight of the evidence, we note that it must remain undisturbed unless the record reveals that it is clearly unsupported (*see, People v Fernandez*, 248 AD2d 801). While the evidence revealed that the victim voluntarily accompanied defendant to buy drugs and to his apartment, consuming alcohol with him once there, uncontroverted evidence supports her contention that he thereafter threatened and poked her with a knife and forced her to engage in both sexual and deviate sexual intercourse. Corroborating evidence, while not required (*see, People v Miller*, 226 AD2d 833, 836, *lv denied* 88 NY2d 939), was presented in the form of photographs of the victim's face and torso, depicting her injuries and the damage to her clothing. As the victim testified at trial, providing the jury with an opportunity

to assess her credibility (*see, People v Meiner*, 248 AD2d 806), we find upon such testimony, buttressed by photographs, that the verdict was supported by the record.

As to the sentences imposed, we reject defendant's contention that the 15-year sentences were an abuse of discretion because his behavior constituted "date rape * * * at worst". Upon our finding that the verdict is well grounded, defendant's characterization of his behavior is superfluous.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.