■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS T. CUMMINGS, Appellant. [735 NYS2d 314] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]). We reject the contention of defendant that County Court erred in denying his motion to dismiss the indictment based on prosecutorial misconduct during the Grand Jury proceeding. Defendant was originally indicted for rape in the first degree. After the victim commenced a civil action against Wyoming County for damages resulting from the rape, which occurred in a County hospital, a special prosecutor was appointed to prosecute the criminal action against defendant. Defendant moved to dismiss the indictment. The special prosecutor opposed the motion and in the alternative sought dismissal of the indictment with leave to re-present, arguing that the crimes of rape in the first degree and sexual misconduct (Penal Law § 130.20 [1]) should be presented to the Grand Jury, along with other evidence that was exculpatory. The court dismissed the indictment and granted the People leave to re-present the charges to another Grand Jury. Before the second Grand Jury, the special prosecutor read, *inter alia*, the definitions of rape in the first degree and sexual misconduct and instructed the Grand Jury that the crimes contain essentially the same elements but differ with respect to their permissible punishments. He explained that rape in the first degree is a class B violent felony that carries a minimum sentence of 3 to 6 years while sexual misconduct is a class A misdemeanor that carries a maximum penalty of one year in the County jail or either an adjournment in contempla-

tion of dismissal or a conditional discharge. The special prosecutor instructed the Grand Jury members that they could indict defendant on either crime, both crimes or neither crime. The Grand Jury indicted defendant, *inter alia*, on both of those crimes. Defendant moved to dismiss the indictment, contending, *inter alia*, that the special prosecutor's instructions were confusing and that an indictment charging both rape in the first degree and sexual misconduct is legally defective. The court denied the motion, but required the special prosecutor to proceed on only one of those two charges. The special prosecutor chose to go forward on the charge of rape in the first degree and defendant was convicted.

CPL 210.35 (5) provides that a Grand Jury proceeding is defective when "the integrity thereof is impaired and prejudice to the defendant may result." "Dismissal of indictments under CPL 210.35 (5) should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury. The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (*People v Huston*, 88 NY2d 400, 409; *see also, People v Tomaino*, 248 AD2d 944, 947). Defendant did not meet his burden of demonstrating the likelihood of prejudice arising from the special prosecutor's instructions to the Grand Jury concerning the permissible punishments for rape in the first degree and sexual misconduct. Although the issue of punishment is usually beyond the purview of the Grand Jury (*see, People v Cajigas*, 174 Misc 2d 472, 482), here the record establishes that the special prosecutor was not attempting to prejudice defendant by informing the Grand Jury members of the permissible punishments, but was explaining the difference between two crimes with virtually indistinguishable elements. Indeed, the special prosecutor prefaced his comments by stating that, "[n]ormally you wouldn't hear about the possible punishment, but it is unfair to you and to the people involved not to show you that there's a difference." The special prosecutor correctly instructed the Grand Jury that, in a case where the victim's lack of consent results from forcible compulsion, the two crimes are identical (*see, People v Vicaretti*, 54 AD2d 236, 239, *lv denied* 41 NY2d 869; *see also, People v Maxwell*, 260 AD2d 653, 654, *lv denied* 93 NY2d 1004). Moreover, the instruction concerning permissible punishments did not influence the Grand Jury, because defendant was indicted on both charges. Defendant further contends that as a result of the instruction the Grand

Jury was swayed to vote for the more serious rape charge, based on the great disparity in permissible punishments. That contention is based upon speculation. In our view, the special prosecutor's instructions neither impaired the integrity of the Grand Jury nor denied defendant due process, nor did the special prosecutor's election to present both charges to the Grand Jury violate defendant's right to equal protection (see, People v Vicaretti, supra, at 239).

The verdict is not against the weight of the evidence. Based upon our review of the record, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see, People v Bleakley, 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Wyoming County Court, Dadd, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner and Scudder, JJ.