■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MOODY, Appellant. [743 NYS2d 71] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered October 21, 1998, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.

The court's charge on the voluntariness of defendant's statements (*see*, CPL 710.30 [3]) conveyed the appropriate principles and properly advised the jury concerning its role in assessing voluntariness (*see, People v Medina*, 146 AD2d 344, 349-351, *affd* 76 NY2d 331). The court correctly stated the law as applicable to the trial evidence and provided the jury with adequate guidance concerning the effect on voluntariness of the interrogating detective's admitted use of a ruse, in the factual circumstances presented (*see, Frazier v Cupp*, 394 US 731, 739; *People v Tarsia*, 50 NY2d 1, 11; *People v Spellman*, 168 AD2d

318, *lv denied* 77 NY2d 1001). The trial court properly used a hypothetical that was distinguishable from the facts at hand to shed light on the distinction between a lawful police ruse and one which could undermine the voluntariness of a defendant's statement.

The court properly refused to submit to the jury the issue of whether defendant's intoxication negated the intent required for sexual abuse since there was no evidence of the effect of defendant's alcohol consumption on his mental state at the time of the crime (*see, People v Gaines,* 83 NY2d 925). Even when viewed most favorably to defendant, there was no reasonable view of the evidence that, at the time of the crime, defendant was still under the influence of prior alcohol consumption to a degree that negated the requisite intent.

The court's charge does not warrant reversal. Concur—Saxe, J.P., Buckley, Rosenberger, Friedman and Marlow, JJ.