■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD VECCHIO, Appellant. [818 NYS2d 290]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered January 14, 2005, convicting him of attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crime of attempted burglary in the second degree because the identification testimony of the complainant, who was the only witness, was unreliable, is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The testimony of a single eyewitness can be legally sufficient to support a conviction (see People v Arroyo, 54 NY2d 567 [1982], cert denied 456 US 979 [1982]; see also People v Calabria, 3 NY3d 80, 82 [2004]; People v Watson, 12 AD3d 709 [2004]; People v Armstrong, 11 AD3d 721, 722-723 [2004]; People v Ferrer, 302 AD2d 329 [2003]; People v Ricone 288 AD2d 402 [2001]). Here, the complainant viewed the defendant in the complainant's apartment on a bright sunny day, and never wavered in her testimony (see People v Calabria, supra at 82-83).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see People v Gaimari, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see People v Garafolo, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]). Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.