■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GONZALEZ, Appellant. [849 NYS2d 635]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered July 14, 2005, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is Ordered.

The defendant was accused of committing a robbery on the morning of August 30, 2004 in Queens County. The prosecution's case depended entirely on the testimony of the complainant, who testified that she noticed a man driving a gray Nissan Sentra as she was walking towards the train station near her home. The man parked the car, followed her onto a pedestrian footbridge, and grabbed her handbag. She then struggled with him over the bag, chased him back to his car, jumped onto his lap in the car, and continued to struggle with him until he pushed her out of the car and drove off, dragging her for several feet. Immediately after the incident, the victim described her assailant to a police detective as being a "well-built," dark-skinned Hispanic male in his mid-30s, weighing about 150 pounds and about 5 feet, 9 inches tall. At the police precinct, the victim picked the defendant's photograph out of a photo array, and the next evening she identified him in a line-up.

The defendant is a tan-skinned Hispanic male, 5 feet, 9 inches tall, who weighs more than 200 pounds and has a distinctive goatee and a tattoo covering his right forearm. Before trial, the defendant moved in limine for leave to present expert testimony on the reliability of eyewitness identification testimony. Without holding a *Frye* hearing (*see Frye v United States,* 293 F 1013 [1923]), the motion court (Braun, J.) denied the motion with leave to renew before the judge to whom the matter would be assigned for trial; on renewal, the trial court (McGann, J.) adhered to so much of the motion court's determination as denied the motion. At trial, the defense presented two alibi witnesses who testified that the defendant had spent the entire day of the robbery at home in Brooklyn with his girlfriend, their newborn son, a family friend, and another child. The jury found the defendant guilty of robbery in the third degree.

The defendant's contention that the conviction was not supported by legally sufficient evidence is unpreserved for appellate

review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Bynum,* 70 NY2d 858 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant testified consistently that she had seen her attacker clearly and, thus, it was for the jury to weigh the relative credibility of the victim against that of the alibi witnesses (*see People v Calabria,* 3 NY3d 80, 82 [2004]; *People v Arroyo,* 54 NY2d 567, 578 [1982], *cert denied* 456 US 979 [1982]; *People v Vecchio,* 31 AD3d 674 [2006]; *People v Melendez,* 272 AD2d 343, 343-344 [2000]). Upon the exercise of our factual review power (*see* CPL 470.15 [2]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 643-644 [2006]). Upon weighing the "relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony," we cannot conclude that the trier of fact failed to give the evidence the weight it should be accorded (*People v Bleakley,* 69 NY2d 490, 495 [1987] [internal quotation marks omitted]; *see People ex rel. MacCracken v Miller,* 291 NY 55, 62 [1943]; *see also* CPL 470.15 [5]; *People v Romero,* 7 NY3d at 645-647).

However, in light of *People v LeGrand* (8 NY3d 449, 452 [2007]), it was error, under the circumstances of this case, for the trial court to deny the defendant's motion for leave to present expert testimony concerning the reliability of eyewitness identification. Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.