[893 NYS2d 421]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAY M. FARWELL, Appellant.

Supreme Court, Appellate Term, Second Department, December 15, 2009

APPEARANCES OF COUNSEL

*Barbara J. Strauss*, Goshen, for appellant. *Francis D. Phillips, II, District Attorney*, Goshen (*Elizabeth L. Guinup* and *Andrew R. Kass* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgments of conviction are affirmed.

The People charged defendant with endangering the welfare of a child (Penal Law § 260.10 [1]) and sexual abuse in the second degree (Penal Law § 130.60 [2]). After a jury trial, defendant was convicted of both charges. On appeal, defendant contends that the Justice Court should have granted his request for an intoxication charge (Penal Law § 15.25), that the witnesses' testimony regarding the complainant's accounts of the incident constituted impermissible hearsay and bolstering, that the prosecutor vouched for the complainant's credibility, and that the verdicts were against the weight of the evidence. We reject these contentions and affirm.

Although the complainant testified that, prior to the incident, defendant, her father, had consumed beer and rum and appeared "drunk," she offered no particulars as to "the physical effects, if any, that the consumption of alcohol may have had on defendant's behavior or mental state" (*People v Shaw*, 8 AD3d 1106, 1107 [2004] [internal quotation marks and citation omitted]; *see*

*People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Moody*, 294 AD2d 106, 107 [2002]; *People v Maxwell*, 260 AD2d 653, 654 [1999]; *see also People v Aronsen*, 204 AD2d 470, 471 [1994] ["The fact that (the defendant's) past consumption of alcohol might have weakened or destroyed the defendant's inhibitions against committing a culpable act is irrelevant; his intoxication is relevant only to the extent that it destroyed or weakened his ability to form the culpable mental state which, when associated with such act, gives rise to criminal liability"]). Moreover, although defendant admitted to having consumed a few beers before and during the dinner he shared with the victim shortly before the offenses, he adamantly denied that he was intoxicated. Defendant's sisters, testifying for the defense, stated that they had visited defendant shortly after the victim had been removed from defendant's home and that defendant was not intoxicated.

■ An intoxication charge should be given where a reasonable view of the evidence would support the defense (*People v Butts*, 72 NY2d 746, 750 [1988]). However, since there was no evidence of the effect of alcohol consumption on defendant's mental state at the time of the offenses (*People v Moody*, 294 AD2d at 107) and defendant's own testimony and that of his sisters tended to negate the defense (*People v McCray*, 56 AD3d 359, 360 [2008]), a conclusion that defendant was so intoxicated as to negate the element of intent would have been based on pure speculation. Thus, the Justice Court properly declined to issue an intoxication charge (*People v Smith*, 36 AD3d 633 [2007]).

■ As to the hearsay and bolstering claims, defendant failed to object to most of the testimony regarding the victim's post-incident accounts of the offenses. As to the principal argument made on appeal, that the testimony went beyond the bounds of the recent-outcry exception to the hearsay rule, the issue is not preserved for appellate review (CPL 470.05 [2]; *People v Shook*, 294 AD2d 710, 712-713 [2002]; *People v Walsh*, 289 AD2d 517, 518 [2001]; *People v Stickles*, 267 AD2d 604, 605 [1999]; *People v Neznanyj*, 12 Misc 3d 143[A], 2006 NY Slip Op 51423[U] [App Term, 9th & 10th Jud Dists 2006]). In any event, in response to the principal theory of the defense, that the complaint was "made up" and that any testimony by the complainant at trial as to sexual abuse and endangering the welfare of a child would be false, the prompt-outcry exception to the hearsay rule allowed the prosecutor to evoke hearsay testimony that the victim

promptly complained about the crime, both to rebut such a theory and to corroborate the complainant's allegation that the offense occurred (*see People v McDaniel*, 81 NY2d 10, 16 [1993]). The testimony is not admitted to prove that the offense was committed; rather, it is admitted for the limited purpose of evaluating the victim's credibility, to answer doubts that might otherwise arise as to the victim's truthfulness (*id.*; *see also People v Rice*, 75 NY2d 929, 931 [1990]), and to "negat[e] the tendency of some jurors to doubt the victim in the absence of such evidence" (*People v McDaniel*, 81 NY2d at 17). The outcry must be prompt, and whether or not a victim's complaint was made soon enough to be regarded as prompt depends on the facts and circumstances of each case (*id.*). A complaint may be viewed as prompt even if it was made after a substantial period of time has passed, provided that it was made at the first suitable opportunity (*id.*; *see also People v Perkins*, 27 AD3d 890, 893 [2006]). Moreover, although as a general rule, "only the fact of a complaint, not its accompanying details, may be elicited" (*People v McDaniel*, 81 NY2d at 17; *see also People v Rice*, 75 NY2d at 932), it is also recognized that the witness can go beyond merely acknowledging that a complaint was made. The prosecutor can also elicit the nature of the complaint sufficiently to clarify that the complaint concerned the offense at issue and its essential nature (*see People v McDaniel*, 81 NY2d at 18; *People v Rice*, 75 NY2d at 931-932; *People v Salazar*, 234 AD2d 322, 323 [1996]; *see also People v Buie*, 86 NY2d 501, 510 [1995] [a prior consistent statement may be admitted "as an exception to the hearsay rule" when employed to rebut a claim of recent fabrication]).

Here, the entire theory of the defense, as presented in defense counsel's opening statement and pursued throughout the trial, was that the complainant had simply lied about the incident. Defense counsel strove to establish that the victim was not a credible person generally and had lied about this incident in particular. The thrust of counsel's cross-examinations and of defendant's case was to impeach the complainant's testimony and to exploit what, counsel argued, were inconsistencies between the complainant's own account and the various accounts alleged to have been given by her to her mother and to her father's relatives. It is noted that defendant, on his case, elicited certain of the very testimony to which he now objects when it was elicited on the prosecution's case, which may well justify an inference of waiver (*see e.g. People v Bryan*, 50 AD3d 1049 [2008]).

As noted, the defense did not interpose objections based on the theory that the testimony, if admissible in principle, exceeded the bounds of the exception. Moreover, the improper admission of prior consistent statements is amenable to harmless error analysis (*People v McDaniel*, 81 NY2d at 20; *People v Walsh*, 289 AD2d at 518; *People v McMillian*, 139 AD2d 674, 675 [1988]), and, upon this record, "there is no significant probability that the defendant would have been acquitted had the testimony about the prior consistent statements been excluded" (*People v Bailey*, 272 AD2d 621, 622 [2000]; *see also People v Neznanyj*, 12 Misc 3d 143[A], 2006 NY Slip Op 51423[U] [2006]).

■ Similarly, with respect to the alleged instances of prosecutorial misconduct in vouching for the complainant's credibility during the opening statement and on summation, the defense interposed no objections and sought neither a mistrial nor curative instructions. Accordingly, defendant failed to preserve these claims for appellate review (CPL 470.05 [2]; *People v Williams*, 8 NY3d 854, 855 [2007]; *People v Garguilio*, 57 AD3d 797, 798 [2008]; *People v Pinkney*, 48 AD3d 707, 708 [2008]; *People v McHarris*, 297 AD2d 824, 825 [2002]). In any event, as noted, the thrust of the defense was to persuade the jury that the complainant's testimony regarding the alleged acts of sexual misconduct was a fabrication on the part of a 13 year old who had little capacity for telling the truth. The prosecutor, for his part, sought to rehabilitate the complainant with respect to inconsistencies, urging that any such discrepancies were the natural corollary of her youth, her vulnerability, and the trauma of acts of sexual abuse perpetrated by her own father, as illustrated by her need for therapy after the incident. The scope of the well-recognized "latitude" accorded attorneys when "advocating their cause" (*People v Halm*, 81 NY2d 819, 821 [1993]) must be evaluated "in the context of the entire trial" (*id.*). A prosecutor is entitled, to a degree, to respond to "arguments and issues raised by the defense," as articulated, for example, in defense counsel's opening statement and cross-examinations (*People v McHarris*, 297 AD2d at 825). In light of the simple, direct assault on the complainant's credibility by defense counsel in his opening statement, the prosecutor was entitled to develop proof that tended to reinforce that credibility. Similarly, on summation, a prosecutor is entitled to a "fair response" to a defense counsel's own summation arguments, for example with respect to a complainant's credibility, and to an extent that might be deemed error had there been no

such argument by the defense (*People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ferraro*, 49 AD3d 550, 551-552 [2008]; *People v Pinkney*, 48 AD3d at 708-709; *People v Beggs*, 19 AD3d 1150, 1151 [2005]). Thus, in the context of this vigorously contested trial, and to the extent the issue is preserved, it cannot be said that prosecutorial misconduct denied defendant a fair trial.

■ Defendant contends that the verdict was against the weight of the evidence. He makes reference to the complainant's age and argues that, in light of his denial of wrongdoing and the absence of physical evidence of the offense, he would not have been convicted. "[W]hile a single, though unimpeached, witness need not be believed, so too is the testimony of a single witness sufficient to support a conviction" (*People v Arroyo*, 54 NY2d 567, 578 [1982]; *see also People v Jackson*, 8 NY3d 869, 870 [2007]; *People v Vecchio*, 31 AD3d 674 [2006]).

> "Incredibility as a matter of law may result [w]hen all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence, because in that event the jury is left without basis, other than impermissible speculation, for its determination of either" (*People v Calabria*, 3 NY3d 80, 82 [2004] [internal quotation marks and citation omitted]).

However, the complainant herein "never wavered in her testimony" regarding the critical facts (*id.*), which testimony was inherently rational, internally consistent, and amenable to belief.

Moreover, the complainant's testimony did not stand in isolation. The complainant's mother testified as to her communications by telephone with the complainant during or immediately after the incident, in terms consistent with the complainant's testimony as to her side of the conversation. In addition, the evidence included testimony by defendant's sister regarding her response to the complainant's outcry, which was to immediately remove the complainant from her father's home and to bring the complainant to her mother's home, the generally consistent accounts of the incident made to several persons shortly thereafter "at the first suitable opportunity" (*People v McDaniel*, 81 NY2d at 17 [internal quotation marks omitted]), and defendant's own admissions that he drank beer, ate pizza and watched television with the complainant, at the time and location described by her. There remained in dispute only the complain-

ant's credibility with respect to the particulars of the offenses for the jury's determination.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon this record, it cannot be said that the convictions were against the weight of the evidence.

Accordingly, the judgments of conviction are affirmed.

NICOLAI, P.J., TANENBAUM and LaCAVA, JJ., concur.