The People of the State of New York, Respondent,
against
Luigi Murdocca, Appellant.




Jaime Lathrop, Esq., for appellant.
Kings County District Attorney (Leonard Joblove . Thomas M. Ross, Kristen A. Carroll of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Joanne D. Quiñones, J.), rendered December 17, 2015. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). At a nonjury trial, the complainant, a traffic agent, testified that, while he had been issuing defendant a ticket for a parking violation, defendant had kicked him in the right foot, causing him to sustain "a lot" of pain. Defendant testified that he had never kicked the complainant and provided a version of the events that differed remarkably from the one offered by the People. Following the trial, defendant was convicted as charged.
Initially, we note that defendant's legal sufficiency claim is preserved for appellate review, as defendant's motions to dismiss made at the close of the People's case and again after both sides had rested were specifically directed at the deficiency in the People's proof that he now [*2]raises on appeal—that the People failed to provide sufficient evidence to establish that he had ever kicked the complainant (see People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Williams, 150 AD3d 1273, 1278 [2017]; People v Mais, 133 AD3d 687, 687 [2015]; compare People v Becoats, 17 NY3d 643, 654 [2011]; People v Carncross, 14 NY3d 319, 324-325 [2010]). Viewing the evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Contes, 60 NY2d 620 [1983]), we find that the complainant's testimony alone was legally sufficient to establish defendant's guilt beyond a reasonable doubt (see People v Schulz, 4 NY3d 521, 530 [2005]; People v Calabria, 3 NY3d 80, 82 [2004]; People v Arroyo, 54 NY2d 567, 578 [1982]; People v Vecchio, 31 AD3d 674, 674 [2006]; People v Ricone, 288 AD2d 402, 402 [2001]). The complainant's testimony established that defendant, with the intent to cause physical injury to the complainant, engaged in conduct which tended to cause such injury by kicking the complainant with a steel-tipped boot (see Penal Law §§ 110.00, 120.00 [1]) and did so with the intent to annoy, harass or alarm the complainant (see Penal Law § 240.26 [1]). Although corroboration was not required to support defendant's convictions, we note that the complainant's testimony was bolstered by the testimony of a police officer, who had observed the complainant limping after the alleged kicking, and by the undisputed fact that the complainant was ultimately transported by an ambulance to a hospital (see People v Jackson, 8 NY3d 869, 870 [2007]). 
Moreover, while defendant offered a contrary version of the incident and denied that he had ever kicked the complainant, this simply created a credibility question to be resolved by the Criminal Court, which had the opportunity to view the witnesses, hear their testimony and observe their demeanor (see People v Schulz, 4 NY3d at 530; People v Vecchio, 31 AD3d at 674). Upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trial court's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict was not against the weight of the evidence (see People v McGill, 55 Misc 3d 139[A], 2017 NY Slip Op 50547[U] [App Term, 1st Dept 2017]; People v Roberts, 21 Misc 3d 129[A], 2008 NY Slip Op 51998[U] [App Term, 1st Dept 2008]; People v Urias, 20 Misc 3d 134[A], 2008 NY Slip Op 51484[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017