The People of the State of New York, Respondent,
against
Jose Demoura, Appellant.




Gribetz & Loewenberg, PLLC (Kevin M. Dunlap of counsel), for appellant.
Rockland County District Attorney (Carrie A. Ciganek and Itamar J. Yeger of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Clarkstown, Rockland County (Scott B. Ugell, J.), rendered April 13, 2016. The judgment convicted defendant, after a nonjury trial, of forcible touching and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged, in an information, with forcible touching (Penal Law § 130.52 [1]). At a nonjury trial, over defendant's general objection, the court permitted the victim's mother to testify, pursuant to the prompt outcry exception to the hearsay rule, as to the victim's postincident complaint that defendant had placed his hand or hands on her breasts. Upon this record, we find that the testimony was admissible "to corroborate the allegation that an assault took place" (People v McDaniel, 81 NY2d 10, 16 [1993]; see People v Zuniga, 149 AD3d 660, 661 [2017]; People v Bernardez, 63 AD3d 1174 [2009]; People v Molina, 26 Misc 3d 51, 53 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]), that is, to counter any tendency by the factfinder "to doubt the veracity of a victim who failed promptly to complain of a sexual assault" (People v McDaniel, 81 NY2d at 16; see e.g. People v Allen, 13 AD3d 892, 894 [2004]). Defendant failed to preserve objections to the testimony as to the timing and content of the victim's complaint (see CPL 470.05 [2]; e.g. People v Stone, 133 AD3d 982, 983 [2015]; People v Curran, 103 AD3d 1126, 1127 [2013]; People v Farwell, 26 Misc 3d 26, 29 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). In any event, we find that the complaint, having been made immediately after the incident, was timely (see People v McDaniel, 81 NY2d at 17; People v Urbina, 143 AD3d 924, 925-926 [2016]; People v Cridelle, 112 AD3d 1141, 1143 [2013]), and that the details of the complaint were appropriately limited to the nature of the touching and without improper reference to the details of the incident (see e.g. People v Zuniga, 149 AD3d at 661; People v Garrison, 103 AD3d 751, 752 [2013]). To the extent that error may have [*2]occurred, it was harmless inasmuch as "[i]n a bench trial, the court is presumed to have considered only competent evidence in reaching its verdict"(People v LoMaglio, 124 AD3d 1414, 1416 [2015]; see e.g. People v Moreno, 70 NY2d 403, 406 [1987]; Matter of Dandre H., 89 AD3d 553, 554 [2011]; People v Kozlow, 46 AD3d 913, 915 [2007]) and, in the absence of an objection, there is no indication that the judge considered inadmissible evidence (see People v Pabon, 28 NY3d 147, 158 [2016]; Matter of State of New York v Kerry K., 157 AD3d 172, 189 [2017]).
Defendant also preserved no challenge to the legal sufficiency of the evidence, as he made no motion to dismiss on this ground (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, the testimony of a single witness may be sufficient to support a conviction (see e.g. People v Arroyo, 54 NY2d 567, 578 [1982]; People v Vecchio, 31 AD3d 674 [2006]), and it cannot be said that the victim's testimony, as to the material matters necessary to establish defendant's guilt, was so "manifestly untrue, physically impossible, contrary to experience or self-contradictory" as to render it incredible as a matter of law (People v Guzman, 134 AD3d 852, 853 [2015]). Viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620, 621 [1983]) and "indulging in all reasonable inferences in the[ir] . . . favor" (People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence established a forcible touching of the victim's intimate parts (see Penal Law §§ 130.05 [1], [2]; 130.52 [1]; People v Hatton, 26 NY3d 364, 369 [2015]; People v Guaman, 22 NY3d 678, 684 [2014]). While defendant testified that the contact was unintentional, intent " 'may be inferred from the act itself' " (People v Hatton, 26 NY3d at 370, quoting People v Bracey, 41 NY2d 296, 301 [1977]), and we are satisfied that the victim's testimony sufficed to establish an intentional touching for the purpose of sexual gratification and without legitimate purpose (Penal Law § 130.52).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Adilovic, 34 Misc 3d 159[A], 2012 NY Slip Op 50437[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Upon weighing "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d at 495 [internal quotation marks and citation omitted]), we find that, based on the weight of the credible evidence, the Justice Court properly credited the victim's account of the incident and rejected defendant's exculpatory testimony (see People v Danielson, 9 NY3d at 348; People v Engle, 49 Misc 3d 131[A], 2015 NY Slip Op 51432[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Accordingly, the judgment of conviction is affirmed. 
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 28, 2018