People v Beasley (2021 NY Slip Op 50028(U))

[*1]

People v Beasley (Arrel)

2021 NY Slip Op 50028(U) [70 Misc 3d 135(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-1198 K CR

The People of the State of New York,
Respondent, 
against
Arrel Beasley, Appellant. 

Appellate Advocates (Stephanie Sonsino of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Diane R. Eisner and Jonathan Andrew Perez
of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Elizabeth N. Warin, J.), rendered May 2, 2018. The judgment convicted defendant, after a
nonjury trial, of attempted assault in the third degree and harassment in the second degree.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with attempted assault in the third degree
(Penal Law §§ 110.00, 120.00 [1]) and harassment in the second degree (Penal Law
§ 240.26 [1]). At a nonjury trial, defendant's mother testified that, earlier in the day, she had
thrown out defendant's property which she considered to be garbage. When defendant came into
her room later that day, he began to pull her hair and threw her to the ground. She testified
further that she had sustained a bruise to her arm as a result of defendant's actions. At the
conclusion of the People's case, defendant moved for a trial order of dismissal. The motion was
denied. After defendant testified, he failed to renew his motion. Following the trial, defendant
was convicted as charged.
To the extent that defendant's contention on appeal may be construed as a challenge to the
legal sufficiency of the evidence, it is unpreserved for appellate review, as defendant failed to
renew his motion for a trial order of dismissal at the conclusion of all the evidence (see
CPL 470.05 [2]; People v Hawkins,
11 NY3d 484, 492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v
Gray, 86 NY2d 10, 20-21 [1995]; People v Acevedo, 136 AD3d 1386, 1386 [2016]; People v Broomfield, 55 Misc 3d
137[A], 2017 NY Slip Op 50506[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2017]; cf. People v Finch, 23
NY3d 408 [2014]). In any event, viewing the evidence in the light most favorable to the
People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient
to convict defendant of attempted assault in the third degree (see Penal Law §§
110.00, 120.00 [1]) and harassment in the second degree (see [*2]Penal Law § 240.26 [1]).
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.05 [2]; People v Danielson, 9 NY3d 342, 348-349 [2007]), and assuming
that an acquittal would not have been unreasonable (see People v Romero, 7 NY3d 633, 643 [2006]), we must weigh the
relative probative forces of conflicting testimony and the relative strength of conflicting
inferences that may be drawn from the testimony (see id.; People v Mateo, 2
NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). While defendant
offered a contrary version of the incident and denied that he had grabbed his mother's hair and
pushed her to the floor, this simply created a credibility question to be resolved by the Criminal
Court, which had the opportunity to view the witnesses, hear their testimony and observe their
demeanor (see People v Schulz, 4
NY3d 521, 530 [2005]; People v
Vecchio, 31 AD3d 674 [2006]). Consequently, we find that the verdict was not against
the weight of the evidence (see People v
Romero, 7 NY3d 633).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021