People v Dray (2021 NY Slip Op 01559)





People v Dray


2021 NY Slip Op 01559


Decided on March 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 18, 2021

Before: Acosta, P.J., Gische, Webber, González, JJ. 


Ind No. 4144/17 4144/17 Appeal No. 13383 Case No. 2019-3531, 2020-03254 

[*1]The People of the State of New York, Respondent,
v
Benjamin Dray, Defendant-Appellant.


The Baker Law Firm for Criminal Appeals, PLLC, Bronx (Mark M. Baker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about February 19, 2020, which denied defendant's CPL 440.10 motion to vacate a judgment, same court and Justice, rendered February 14, 2019, as amended March 19, 2019, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him to a term of five years, unanimously affirmed. Direct appeal from the underlying judgment, unanimously dismissed, as abandoned.
Defendant was arrested and charged with burglary in the second degree (Penal Law §140.25[2]) and sexual abuse in the first degree (Penal Law § 130.65[2]). At trial, the complainant testified that she moved into an apartment where defendant and four other men resided. According to the complainant, each bedroom had a number and a lock that could be opened from the outside with a keypad. On the morning of the incident, the complainant woke up and felt someone's finger inside her vagina. She realized that her shorts had been pulled down. The complainant, who had been lying on her side, turned around and saw defendant lying behind her. She told defendant to get off her and pushed him away. Defendant left the room. According to the complainant, she did not know whether the lock to her door was broken or if defendant knew the code. The complainant testified that she had not smelled alcohol on defendant's breath, and that he had not seemed intoxicated. She stated that after the incident, she texted her mother that "[defendant] tried to rape me, and I think he's drunk."
Defendant testified that he had gone out that night. He had "a few drinks" and felt "intoxicated" but "not drunk." At around 4:00 a.m., defendant took a cab home. He walked across the street and used a key to enter the building. According to defendant, he walked up to the fourth floor, where he used a passcode to enter the apartment. Defendant testified that when he entered the apartment, he smelled marijuana.
According to defendant, after entering the apartment, he went to the bathroom. When he came out, the door to the complainant's room was open, and she called out to him. Defendant testified that the complainant was lying in bed. She asked how his evening was and asked him to lie down next to her. Based on her speech, defendant testified that he thought she was high. Defendant testified that he got into her bed. According to defendant, the complainant pulled down her shorts and defendant touched her vagina. After a few seconds, the complainant asked defendant to leave, and he went to his room and fell asleep. According to defendant, shortly thereafter, the police knocked on his bedroom door and arrested him.
Defendant was acquitted of first-degree burglary and convicted and sentenced as stated above.
Defendant moved to vacate the judgment of conviction pursuant to CPL 440.10. Specifically, defendant argued that his trial counsel rendered ineffective assistance by: (1) failing to advise defendant that the decision [*2]whether to testify was his; (2) insisting that defendant testify that the complainant consented to the contact; (3) failing to request an intoxication charge for the sexual abuse count; (4) failing to be familiar with evidentiary laws; and (5) failing to adequately prepare for sentencing. Defendant submitted his own affidavit confirming that the attorney never stated it was defendant's decision whether to testify, and that the attorney told him he "must" testify that the conduct was consensual in order to explain the DNA evidence. In opposition to the motion, the People submitted an affirmation from defendant's counsel stating that he did not pursue an intoxication defense because he did not believe it would be meritorious based upon his review of camera footage of defendant entering the building, and defendant's statements and demeanor during an interview with the prosecutor a short time after his arrest. The attorney also stated that he told defendant it was his "absolute right" to testify at trial, and that it was his belief that he should testify but that it was defendant's choice. Finally, the attorney stated that defendant stated that the interaction was consensual. The attorney denied creating a false story and stated that he prepared defendant for cross-examination.
The trial court denied defendant's motion in all respects.
Defendant argues that the court should have granted his motion to vacate the conviction. He raises the same grounds of ineffective assistance that he raised before the motion court. He also argues that the court should not have summarily denied the motion. Accordingly, he argues, this Court should reverse his conviction and order a new trial, or at least remand for an evidentiary hearing before a different judge. In the alternative, he asks this Court to remand for resentencing before a different judge under CPL 440.20(1).
We find that the trial court providently exercised its discretion in denying a hearing. As noted by the court, even if defendant's version of events were true, defendant's motion papers did not state any legal basis for the motion, and there were no disputed issues of material fact to be resolved (CPL 440.30[4]; see e.g. People v Wright, 27 NY3d 516, 521-522 [2016]; People v Satterfield, 66 NY2d 796, 799-800 [1985]).
Defendant has not established that he received ineffective assistance of counsel under the state or federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant failed to demonstrate the absence of any legitimate or strategic explanation for defense counsel's action (People v Rivera, 71 NY2d 705, 709 [1988]).
Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Defendant failed to establish any prejudice from counsel's alleged [*3]failure to tell him that the ultimate decision to testify was his since defendant admitted that he would have testified regardless of if he had been told it was his choice to testify or not (People v Friedgood, 58 NY2d 467, 472 [1983]). Further, counsel's failure to request that an intoxication charge be delivered on the sexual abuse count when the deliberating jury inquired about the issue of intoxication and intent, as to the burglary charge only, does not constitute ineffective assistance of counsel. In his affidavit, counsel clearly stated his strategy for not requesting a charge as to intoxication. It is not within the province of the court to second-guess counsel's strategy and tactical decisions (see People v Barber, 231 AD2d 835 [3d Dept 1996]). Additionally, as noted by the trial court, even if counsel had requested the charge be delivered, based upon the court's earlier ruling as to the insufficiency of the record to support such a charge, it would have denied the request. Thus, counsel was not ineffective for "fail[ing] to make a motion or argument that ha[d] little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks omitted]).
The record supports the trial court's conclusion that there was insufficient evidence of defendant's alleged intoxication to support a charge of intoxication. The complainant and police officers testified that they did not smell alcohol and that defendant did not appear to be intoxicated at the time of the incident or upon his arrest shortly thereafter. Surveillance footage showed defendant walk across the street and enter his building without difficulty, and defendant testified that he was intoxicated but not drunk. Moreover, defendant's testimony supported a defense of consent and not that of intoxication. Accordingly, the court properly declined to submit a charge of intoxication to the jury (see e.g. People v Lopez, 122 AD3d 511, 512 [1st Dept 2014], lv denied 24 NY3d 1220 [2015]; People v McCray, 56 AD3d 359, 360 [1st Dept 2008], lv denied 12 NY3d 760 [2009]).
Defendant has not established that the other alleged errors and omissions by counsel at trial, either in themselves or viewed along with the above issues, amounted to ineffective assistance. Furthermore, there was no ineffective assistance at sentencing that would require a remand for resentencing.
Aside from issues raised on the appeal from the order denying the CPL 440.10 motion, defendant does not raise any issues on the appeal from the underlying judgment. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2021