THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW RANDALL, Appellant. [641 NYS2d 639] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered February 25, 1993, convicting defendant, after a jury trial, of four counts of rape in the first degree, five counts of sodomy in the first degree, two counts of sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 11 to 22 years on the rape and sodomy convictions, and 3 to 6 years on the sexual abuse convictions, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, defendant's guilt of the multiple sexual assaults against the victim was proven by legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence.

The brief testimony of the treating doctor concerning the details of the rape was relevant to his treatment and diagnosis, and therefore admissible (*compare, People v Torres*, 175 AD2d 635, *lv denied* 78 NY2d 1082, *with People v Jackson*, 124 AD2d 975, *lv denied* 69 NY2d 746). To the extent the doctor's testimony revealed limited details of the assault, such as the number of perpetrators and that it occurred at gunpoint, that testimony merely repeated the victim's unwavering testimony on these points, and therefore was harmless (*People v Torres*, 175 AD2d, *supra*, at 636-637). Since the testimony of the arresting officer exceeding the scope of the prompt outcry exception was limited, we decline to review this unpreserved claim in the interest of justice.

Given defendant's attack on the victim's ability to perceive and remember the events of the rape, the introduction of defendant's redacted arrest photograph to demonstrate the accuracy of her description was not error (*see, People v Logan*, 25

NY2d 184), notwithstanding defendant's concession that he had intercourse with the victim.

Defendant's claim concerning the improper admission of uncharged crimes was not preserved by specific objection (*see, People v Aarons*, 183 AD2d 496, *lv denied* 80 NY2d 827), and, in any event, the alleged prejudicial comments were not directed at defendant. Concur—Sullivan, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.