■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO SALAZAR, Appellant. [650 NYS2d 1002] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered April 23, 1993, convicting him of sodomy in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the complainant's testimony was unbelievable. However, since the defendant failed to raise an objection at trial on this issue, his contention is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bacchus,* 175 AD2d 248; *People v Alston,* 163 AD2d 398). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's further contention that the court erred in

admitting certain testimony as evidence of prompt outcry *(People v McDaniel,* 81 NY2d 10, 16) is without merit. A witness is allowed to go beyond answering a simple "yes" to the question of whether the complainant made a prompt outcry. The prosecutor was entitled to elicit the nature of the complaint and the testimony did not exceed the allowable level of detail *(People v McDaniel, supra,* at 18; *see also, People v Rice,* 75 NY2d 929, 931-932).

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80, 83). Bracken, J. P., Pizzuto, Santucci and Florio, JJ., concur.