■ In the Matter of CHRISTIAN V., a Person Alleged to be a Juvenile Delinquent, Appellant. [848 NYS2d 309]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated March 27, 2007, which, upon a fact-finding order of the same court dated

December 12, 2006, made after a hearing, found that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]; *Matter of Erron A.,* 264 AD2d 392, 393 [1999]). Resolution of issues of credibility is primarily a matter to be determined by the factfinder, and its determination should be accorded great deference on appeal (*see Matter of Thomas S.,* 26 AD3d 389 [2006]; *cf. People v Romero,* 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power (*cf.* CPL 470.15 [5]), we are satisfied that the findings of fact were not contrary to the weight of the evidence (*see Matter of Thomas S.,* 26 AD3d 389 [2006]; *cf. People v Romero,* 7 NY3d 633 [2006]).

The Family Court providently exercised its discretion in allowing the six-year-old complainant to testify, as she demonstrated an understanding of the difference between telling a lie and telling the truth, the meaning of a promise to tell the truth, and that God would punish her if she did not tell the truth in court (*cf. People v Dorsey,* 265 AD2d 567, 568 [1999]).

The testimony that the complaining witness promptly reported the offense was properly admitted under the prompt outcry exception to the hearsay rule, and did not exceed the permissible scope of the exception (*see People v McDaniel,* 81 NY2d 10, 16-18 [1993]; *People v Salazar,* 234 AD2d 322, 323 [1996]). Miller, J.P., Crane, Dillon and Balkin, JJ., concur.