◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON HUNTER, Appellant. [848 NYS2d 480]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 31, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction inasmuch as his motion for a trial order of dismissal was directed only at the charge of reckless endangerment in the first degree, of which defendant was acquitted (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit. The People presented the requisite evidence establishing that defendant possessed a loaded weapon with intent to use it unlawfully against another (Penal Law § 265.03 [former (2)]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the witnesses who indicated that they observed defendant in possession of a loaded weapon and believed, under the circumstances, that defendant intended to use the weapon against another (*see generally People v Christian*, 139 AD2d 896 [1988], *lv denied* 71 NY2d 1024 [1988]).

Defendant further contends that the verdict is repugnant

insofar as he was acquitted of assault in the first degree and reckless endangerment in the first degree and convicted of criminal possession of a weapon in the second degree. Defendant failed to preserve that contention for our review inasmuch as he failed to object to the verdict before the jury was excused (*see People v Alfaro*, 66 NY2d 985, 987 [1985]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the further contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation. The comments in question were made in fair response to defense counsel's summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.