■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN GRANT, Appellant. [864 NYS2d 134]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered May 16, 2003, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence on his conviction of criminal possession of a weapon in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Carranza,* 306 AD2d 351, 352 [2003], *affd* 3 NY3d 729 [2004]; *People v Rodriguez,* 200 AD2d 775 [1994]; *People v Udzinski,* 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. The People presented the requisite evidence establishing that the defendant possessed a loaded operable weapon with the intent to use it unlawfully against another (*see People v Hunter,* 46 AD3d 1417 [2007]; *People v Pricher,* 221 AD2d 378 [1995]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that a detective's testimony that the victim named the defendant as the shooter was inadmissible as an excited utterance was waived when the defense elicited the same testimony on cross-examination (*see People v Holmes,* 47 AD3d 946 [2008]; *People v Blackman,* 13 AD3d 640 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Lifson, J.P., Florio, Eng and Belen, JJ., concur.