■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BERNARDEZ, Appellant. [881 NYS2d 316]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered June 3, 2008, convicting him of burglary in the second degree, sexual abuse in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's claim that the County Court erred in admitting certain testimony as evidence of prompt outcry (*see People v McDaniel,* 81 NY2d 10, 16 [1993]) is without merit. "A witness is allowed to go beyond answering a simple 'yes' to the question of whether the complainant made a prompt outcry. The prosecutor was entitled to elicit the nature of the complaint and the testimony did not exceed the allowable level of detail" (*People v Salazar,* 234 AD2d 322, 323 [1996]; *see People v McDaniel,* 81 NY2d at 16-18; *Matter of Christian V.,* 46 AD3d 831, 832 [2007]; *People v Clarke,* 7 AD3d 537, 538 [2004]).

The defendant's contentions that the County Court erred and denied him his constitutional right to confront the witnesses against him by improperly curtailing his cross-examination of a prosecution witness are unpreserved for appellate review (*see People v George,* 67 NY2d 817, 819 [1986]; *People v Olibencia,* 45 AD3d 607, 608 [2007]) and, in any event, are without merit (*see Delaware v Van Arsdall,* 475 US 673, 679 [1986]; *People v Duffy,* 36 NY2d 258, 262 [1975], *cert denied* 423 US 861 [1975]; *People v Stevens,* 45 AD3d 610, 611 [2007]; *Matter of Qili W.,* 298 AD2d 396, 397 [2002]; *People v Thomches,* 172 AD2d 786 [1991]).

The defendant's claims that the County Court erred and denied him his constitutional rights to present a defense and to confront the witnesses against him by refusing to admit a police report into evidence also are unpreserved for appellate review (*see People v George,* 67 NY2d at 819; *People v Olibencia,* 45 AD3d at 608) and, in any event, are without merit (*see Matter of Leon RR,* 48 NY2d 117, 123 [1979]; *People v White,* 272 AD2d 239, 240 [2000]; *Liguori v City of New York,* 250 AD2d 738, 739 [1998]; *People v Gooding,* 202 AD2d 375, 376 [1994]).

The defendant's contention that the County Court penalized him for choosing to go to trial instead of accepting a plea offer is without merit (*see People v Pena,* 50 NY2d 400, 411-412 [1980], *cert denied* 449 US 1087 [1981]; *People v Gillian,* 28

AD3d 577, 578 [2006]; *People v Lewis,* 242 AD2d 307, 308 [1997]).

The sentences imposed on the defendant's convictions of burglary in the second degree and sexual abuse in the first degree were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Mastro, J.P., Fisher, Eng and Hall, JJ., concur.