[894 NYS2d 327]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MOLINA, Appellant.

Supreme Court, Appellate Term, Second Department, December 2, 2009

52

**APPEARANCES OF COUNSEL**

*Legal Aid Society*, Hempstead (*Kent V. Moston, Jeremy L. Goldberg* and *Argun M. Ulgen* of counsel), for appellant. *Kathleen M. Rice, District Attorney*, Mineola (*Robert A. Schwartz* and *Sarah Spatt* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the judgment of conviction is affirmed.

Defendant was charged with forcible touching (Penal Law § 130.52) in that, sometime after 8:00 A.M. on July 12, 2004, he allegedly grabbed the complainant and touched her vagina for one to two seconds. Following a jury trial, defendant was convicted of the charge.

On appeal, defendant contends that (1) the trial court erred in overruling defense counsel's objection that the "prompt outcry" testimony provided by the People's witness constituted bolstering and was prejudicial to his case, (2) the trial court improperly allowed the People to provide testimony regarding the detail and nature of the outcry, and (3) the trial court improperly allowed the People's witness to provide gratuitous comments about the complainant's emotional state, which comments were made solely to bolster the complainant's testimony.

▉ In order to corroborate the allegation that the crime took place, "evidence that a victim of sexual assault promptly complained about the incident is admissible" (*see People v Mc-*

*Daniel*, 81 NY2d 10, 16 [1993]). The testimony is not admitted to prove that the sex crime was committed; rather, it is admitted for the limited purpose of evaluating the victim's credibility, i.e., to answer doubts that might otherwise arise as to the victim's truthfulness (*id.*; *see also People v Rice*, 75 NY2d 929, 931 [1990]). The outcry must be prompt, and whether a victim's complaint was made soon enough to be regarded as prompt depends on the facts and circumstances of each case (*see McDaniel*, 81 NY2d at 17; *People v Perkins*, 27 AD3d 890, 893 [2006]). When prompt outcry evidence is permitted, "only the fact of a complaint, not its accompanying details, may be elicited" (*McDaniel*, 81 NY2d at 17; *see also Rice*, 75 NY2d at 932; *People v Deitsch*, 237 NY 300, 304 [1923]). However, the witness can go beyond solely answering "yes" to the question of whether a complaint was made, and the prosecutor can elicit the nature of the complaint (*see McDaniel*, 81 NY2d at 18; *Rice*, 75 NY2d at 931-932; *People v Salazar*, 234 AD2d 322, 323 [1996]).

▇ Herein, the People's witness testified that the complainant called her at about 8:30 A.M. on July 12, 2004 and told her that defendant had touched her private parts. When the witness saw the complainant about 8 to 10 minutes later, the complainant again told her that defendant had touched her private parts. Since this testimony simply provided the nature of the complaint, it did not exceed the allowable level of detail (*see McDaniel*, 81 NY2d at 17-18; *Salazar*, 234 AD2d at 323) and, under the facts and circumstances presented, both of the complainant's statements to the witness were made soon enough after the incident to be regarded as prompt outcries (*see McDaniel*, 81 NY2d at 17; *Perkins*, 27 AD3d at 893). Consequently, such testimony was properly admitted. On the other hand, the witness' testimony describing the complainant's emotional state was elicited to bolster the complainant's testimony and, therefore, defendant's objection thereto should have been sustained. However, said error does not rise to the level of reversible error and there is little probability that the jury would have acquitted defendant but for said testimony.

Defendant also contends, on appeal, that four comments made by the prosecutor during summation were prejudicial and deprived him of a fair trial. However, as to three of these comments such issues are unpreserved for appellate review in that either no objection was made thereto, or only a general objection was made at trial (*see* CPL 470.05 [2]; *People v Balls*, 69

NY2d 641, 642 [1986]; *People v Molinaro*, 62 AD3d 724 [2009]; *People v Salnave*, 41 AD3d 872, 874 [2007]; *People v Wright*, 5 AD3d 873, 875 [2004]). We find no compelling reason why these comments should be reviewed in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [a]). Defendant, timely and with the required specificity, objected to the prosecutor's comment that the People's witness testified that defendant had never said anything to her about having had a seizure on the day of the incident, arguing that the prosecutor had mischaracterized the witness' testimony. A review of the trial testimony, however, indicates that the prosecutor did not mischaracterize the witness' testimony. In any event, any possible harm was alleviated by the trial court's instruction to the jury that nothing the lawyers said during summations was evidence, that they were the finders of fact and that it was up to them alone to determine the facts.

Defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish defendant's guilt of forcible touching (Penal Law § 130.52) beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]). Defendant's remaining contentions lack merit or are unpreserved for appellate review (*see* CPL 470.05 [2]).

Accordingly, the judgment of conviction is affirmed.

MOLIA, J.P., LACAVA and IANNACCI, JJ., concur.