■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. STALTER, Appellant. [909 NYS2d 516]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered December 1, 2003, convicting him of rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, a review of the totality of the circumstances (*see People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]; *People v Anderson*, 42 NY2d 35, 38 [1977]), demonstrates that his oral and written statements to the police, which were given after he was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made (*see* CPL 60.45 [1]; *People v Mateo*, 2 NY3d at 414; *People v Huntley*, 15 NY2d 72 [1965]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials was properly denied.

The County Court providently exercised its discretion in determining that the eight-year-old complainant was competent to give sworn testimony (*see* CPL 60.20 [2]; *People v Morales*, 80 NY2d 450, 453 [1992]; *People v Mendoza*, 49 AD3d 559, 560 [2008]). The examination of the child revealed that she knew the difference between telling the truth and telling a lie, knew the meaning of an oath, understood that she could be punished if she lied, promised to tell the truth, and had the ability to recall and relate prior events (*see People v Morales*, 80 NY2d at 453; *People v Mendoza*, 49 AD3d at 560; *People v McIver*, 15 AD3d 677, 678 [2005]). Contrary to the defendant's contention, he had no right to personally attend the County Court's examination of the child (*see People v Morales*, 80 NY2d at 453-457).

The defendant's claim that testimony from three witnesses, the complainant's father, the complainant's stepmother, and the

examining doctor, did not fall within the scope of the prompt outcry exception to the hearsay rule (*see People v McDaniel*, 81 NY2d 10, 16 [1993]), is unpreserved for appellate review, since the defendant failed to object to nearly all of the testimony of which he now complains (*see* CPL 470.05 [2]; *People v Stuckey*, 50 AD3d 447, 448 [2008]; *People v Phillips*, 45 AD3d 702 [2007]; *People v Leveille*, 12 AD3d 533 [2004]). Moreover, to the extent that the defendant initially objected to such testimony by the complainant's father, the objection was waived when the defense elicited the same testimony on cross-examination (*see People v Brown*, 57 AD3d 1461, 1462 [2008]; *People v Grant*, 54 AD3d 967 [2008]; *People v Bryan*, 50 AD3d 1049, 1050-1051 [2008]; *People v Blackman*, 13 AD3d 640, 641 [2004]; *People v Spragis*, 5 AD3d 814, 815 [2004]). In any event, the testimony from the complainant's father and stepmother concerning the nature of the complaint, that the complainant had been raped, did not exceed the allowable level of detail (*see People v McDaniel*, 81 NY2d at 16-18; *People v Bernardez*, 63 AD3d 1174, 1175 [2009]). To the extent that the testimony of the doctor who examined the complainant as to her statements exceeded the bounds of the prompt outcry exception, that testimony was admissible as germane to the doctor's treatment and diagnosis of the complainant (*see People v Buie*, 86 NY2d 501, 511 [1995]; *People v Rogers*, 8 AD3d 888, 892 [2004]; *People v White*, 306 AD2d 886 [2003]; *People v Dennee*, 291 AD2d 888, 889 [2002]; *People v Bailey*, 252 AD2d 815, 815-816 [1998]; *People v Randall*, 227 AD2d 131 [1996]). While testimony from the witnesses concerning the complainant's identification of the defendant as the alleged perpetrator should not have been elicited, the error was harmless (*see People v Rice*, 75 NY2d 929, 932 [1990]; *People v Roberts*, 197 AD2d 867 [1993]; *People v Teixeira*, 189 AD2d 838 [1993]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]). Rivera, J.P., Skelos, Chambers and Roman, JJ., concur.