■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARRIYET BEVANS, Appellant. [921 NYS2d 869]—Appeal by the defendant from a judgment of the County Court, Westchester County (Wetzel, J.), rendered October 13, 2009, convicting him of sexual abuse in the first degree (three counts) and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of sexual abuse in the first degree under counts five and six of the indictment is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain testimony constituted improper bolstering is unpreserved for appellate review (*see People v Stalter*, 77 AD3d 776, 776-777 [2010]; *People v Stearns*, 72 AD3d 1214, 1218 [2010]; *People v Santiago*, 16 AD3d 600 [2005]). In any event, the testimony was properly admitted under the prompt outcry exception to the hearsay rule, and it did not exceed the allowable level of detail (*see People v McDaniel*, 81 NY2d 10, 16-18 [1993]; *People v Stalter*, 77 AD3d at 777; *People v Bernardez*, 63 AD3d 1174, 1175 [2009]; *People v Salazar*, 234 AD2d 322, 323 [1996]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for

appellate review and, in any event, without merit. Dillon, J.P., Covello, Eng and Chambers, JJ., concur.