■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILMER BATISTA, Appellant. [938 NYS2d 479]

The defendant's contention that the Supreme Court improperly permitted the seven-year-old complainant to give sworn testimony is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gillard*, 7 AD3d 540, 541 [2004]). In any event, the Supreme Court providently exercised its discretion in determining that the child was competent to give sworn testimony (*see* CPL 60.20; *People v Morales*, 80 NY2d 450, 453 [1992]; *People v Nisoff*, 36 NY2d 560, 566 [1975]). The examination of the child revealed that she possessed sufficient intelligence and capacity to testify (*see* CPL 60.20 [1]), and that she appreciated "the difference between truth and falsehood, the necessity for telling the truth, and the fact that a witness who testifies falsely may be punished" (CPL 60.20 [2]; *see People v Stalter*, 77 AD3d 776 [2010]; *People v Mendoza*, 49 AD3d 559, 560 [2008]; *People v McIver*, 15 AD3d 677, 678 [2005]; *People v Gillard*, 7 AD3d at 541).

The Supreme Court providently exercised its discretion in determining that an adverse inference charge was the appropriate sanction for the People's inadvertent loss of certain evidence (*see People v Kelly*, 62 NY2d 516, 520-521 [1984]; *People v Gorham*, 72 AD3d 1108, 1110 [2010]; *People v Conley*, 70 AD3d 961 [2010]).

The defendant's contention that the testimony from the complainant's father and uncle did not fall within the scope of the prompt-outcry exception to the hearsay rule is unpreserved for appellate review, since the defendant failed to object or failed to make specific objections to the testimony of which he now complains (*see* CPL 470.05 [2]; *People v Stalter*, 77 AD3d at 776-777; *People v Brown*, 302 AD2d 403 [2003]). In any event, the complained-of testimony fell within the scope of the prompt-

outcry exception to the hearsay rule and did not exceed the allowable level of detail (*see People v McDaniel*, 81 NY2d 10, 16-18 [1993]; *People v Stalter*, 77 AD3d at 777; *People v Bernardez*, 63 AD3d 1174, 1175 [2009]; *People v Salazar*, 234 AD2d 322, 323 [1996]).

The defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct in presenting the testimony of a certain police officer is unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.