■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GARRISON, Appellant. [959 NYS2d 524]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered May 6, 2009, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in prohibiting him from cross-examining the complainant about her arrest for prostitution that occurred one week before the trial and approximately 16 months after the assault at issue. Under the "interests of justice" exception set forth in the rape shield statute (CPL 60.42 [5]), evidence of a victim's sexual conduct may be admitted if it is relevant to a defense (*see People v Scott*, 16 NY3d 589, 594 [2011]). In contrast, such evidence must be precluded if it does not tend to establish a defense because it would only harass the victim and possibly confuse the jurors (*see id.*). Here, evidence of the complainant's arrest for prostitution in 2009 was not relevant to the defendant's allegation that she had engaged in prostitution in October 2007. Thus, it was properly excluded.

Contrary to the defendant's contention, testimony from the complainant's father and stepmother about the nature of the complainant's complaint, i.e., that the complainant had reported that she was dragged into an alley and raped, did not exceed the allowable level of detail (*see People v McDaniel*, 81 NY2d 10, 16-18 [1993]; *People v Stalter*, 77 AD3d 776, 777 [2010]).

The defendant's remaining contentions are without merit. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.