The People of the State of New York, Respondent, v Chris Terry, Appellant. [996 NYS2d 362]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered April 5, 2011, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence *(see People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor *(see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper is unpreserved for appellate review. Defense counsel either did not object to the remarks at issue or made only a general objection *(see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Rios*, 105 AD3d 873 [2013]; *People v Kennedy*, 101 AD3d 1045, 1046 [2012]). In any event, the contention is without merit, as the remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair response to arguments made by defense counsel in summation, fair comment upon the evidence, or otherwise did not deprive the defendant of a fair trial *(see People v Bailey*, 58 NY2d 272, 277 [1983]; *People v Galloway*, 54 NY2d 396, 400 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Rios*, 105 AD3d at 873; *People v Kennedy*, 101 AD3d at 1045).

The defendant's contention, raised in his pro se supplemental

brief, that the *Allen* charges (*see Allen v United States*, 164 US 492 [1896]) were coercive is unpreserved for appellate review due to his failure to object at trial (*see* CPL 470.05 [2]; *People v Auguste*, 294 AD2d 371, 371-372 [2002]; *People v Ramkisson*, 245 AD2d 393 [1997]). In any event, the charges were proper, as the Supreme Court did not attempt to persuade jurors to abandon their beliefs or convictions, did not attempt to coerce dissenting jurors to reach a particular verdict, and did not attempt to shame the jurors into reaching any verdict (*see People v Muirhead*, 110 AD3d 833, 834-835 [2013]; *People v Gonzalez*, 70 AD3d 855, 856 [2010]; *People v McKenzie*, 48 AD3d 594, 595 [2008]).

The Supreme Court's determination, outside of the defendant's presence, to seek clarification of what the deliberating jury wanted when it sent a note requesting to hear the court's instruction "on what the law is," did not involve the giving of "information or instruction" within the meaning of CPL 310.30. "Moreover, this ministerial communication was wholly unrelated to the substantive legal or factual issues of the trial" (*People v Harris*, 76 NY2d 810, 812 [1990]; *see People v Torres*, 174 AD2d 586, 587 [1991], *affd* 80 NY2d 944 [1992]). In addition, the court immediately repeated the jury's request in the defendant's presence, before asking the jury for clarification. Thus, there is no merit to the defendant's pro se claim that he was improperly excluded from a material stage of his trial.

The defendant's contention that the Supreme Court improperly permitted Police Officer Dennis Steele to testify that he recognized the defendant from a "wanted" poster is waived, as the defense had elicited the same testimony on cross-examination (*see People v Jean*, 117 AD3d 875, 878 [2014]; *People v Stalter*, 77 AD3d 776, 777 [2010]; *People v Grant*, 54 AD3d 967 [2008]). The defendant's contention that the testimony of Officer Steele, Detective William Puskas, and Detective Frank Micelli improperly bolstered the complainant's identification of him is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bevans*, 84 AD3d 827 [2011]; *People v Melendez*, 51 AD3d 1040, 1041 [2008]; *People v Sealy*, 35 AD3d 510 [2006]). In any event, the testimony of Officer Steele and Detective Puskas was properly admitted "to explain police actions and the sequence of events leading to the defendant's arrest" (*People v Amaya*, 103 AD3d 907, 908 [2013]; *see People v Bernardez*, 85 AD3d 936, 938 [2011]; *People v Walker*, 70 AD3d 870, 871 [2010]), while the testimony of Detective Micelli was properly admitted to enable the jury to evaluate whether the complainant had sufficient opportunity to observe the crime in order to

report an accurate description of the perpetrator to the police (*see People v Huertas*, 75 NY2d 487, 493 [1990]; *People v Bryan*, 50 AD3d 1049, 1051 [2008]).

The defendant received the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 688, 694 [1984]; *People v Caban*, 5 NY3d 143, 152 [2005]; *People v Stultz*, 2 NY3d 277, 283 [2004]). Defense counsel was not ineffective for failing to make arguments or motions that had little or no chance of success (*see People v Caban*, 5 NY3d at 152; *People v Stultz*, 2 NY3d at 287).

The defendant's remaining contention in his pro se supplemental brief is unpreserved for appellate review and, in any event, without merit (*see People v Binning*, 108 AD3d 639 [2013]). Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.