The People of the State of New York, Respondent,
against
Doron Guez, Appellant. 





Appellate Advocates, Samuel Brown, Esq., for appellant.
District Attorney Kings County, (Leonard Joblove, Thomas M. Ross,
Terrence F. Heller of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered December 2, 2013. The judgment convicted defendant, upon a jury verdict, of forcible touching and harassment in the second degree.




ORDERED that the judgment of conviction is affirmed.
The factual part of an information charging defendant with forcible touching (Penal Law § 130.52), sexual abuse in the third degree (Penal Law § 130.55), and harassment in the second degree (Penal Law § 240.26 [1]), alleged, in pertinent part, that, at approximately 1:00 p.m. on November 6, 2011:
"[A]s the informant was squatting down, the defendant approached the informant from behind, placed the defendant's foot between the informant's legs, and, standing behind the informant, rubbed the defendant's foot against the informant's vagina.
The deponent is further informed by the informant that the defendant engaged in the above-described conduct without the informant's consent and that it caused the informant to become alarmed and annoyed."
At a jury trial, the complainant, a native of Israel, testified that she was employed as a cashier at a Brooklyn car wash. Defendant, also a native of Israel, was a limousine driver and a regular customer. The complainant testified that, at approximately 1:00 p.m. on November 6, 2011, she was at work, organizing candy bars on the shelves below the cash register. She bent down to reach the shelves, and her back was facing the store. Defendant came up behind her and placed his foot between her legs, over her pants. He moved his foot from the front to the back, twice, rubbing her "butt and . . . vagina." The complainant indicated that the incident lasted less than a second, but it felt as if it lasted longer because someone touched her "private area without [her] permission." The complainant testified that defendant had asked her out many times before the incident. She had declined. One week before the incident, defendant had offered to pay her to have oral sex. On another occasion, defendant had asked her whether she shaved her private parts.
The complainant further testified that there were security cameras in the car wash. She identified a video disk of a recording of the incident, which she had viewed on November 6, 2011. The DVD was admitted into evidence and played for the jury. The disk contains two videos. One does not have sound, but shows defendant come up behind the complainant and place his foot between her legs for one or two seconds. Defendant appears to smile immediately after the incident. The second video contains sound. In addition to the incident, the video depicts defendant speaking to the victim and another cashier who was present, and after a few seconds, the complainant can be heard shouting.
After the incident, the complainant slapped defendant and told him in Hebrew, "how dare you do something like that. This time you really crossed the limit and I will call . . . the police." Defendant replied that he was just joking. The complainant responded, "for me it is not a joke." Defendant apologized, trying to convince her that he was sorry, and asked for her forgiveness. The complainant told him to leave her alone, and get out of the car wash. Defendant left. The complainant remained at the car wash but was scared and shaken, and unable to work. Shortly after the incident, a uniformed police officer came in to have his car washed. The complainant told him what had happened. He told her to call 911. About three hours after the incident, the complainant called 911. Among other things, she told the operator that she had told defendant that she could sue him. She testified that, in Hebrew, "to sue" meant to make a report to the police. She did not file a civil lawsuit against defendant or hire a civil attorney.
A detective met with the complainant on November 14, 2011. She told the detective that defendant had touched her inappropriately on her vagina, and provided him with the surveillance videos. The detective subsequently arrested defendant.
Defendant moved to dismiss the forcible touching charge, claiming that the People did not prove that the act was done to degrade or abuse the victim, or to gratify his sexual desire. The incident was a "brief one-second touch with a dress shoe onto a clothed woman." Nor did defendant intend to commit harassment, "which requires intent to alarm or annoy." The People responded that defendant placed his foot between the victim's legs, and rubbed the area of her [*2]vagina and her buttocks intentionally, without her consent. The complainant was embarrassed and incredibly upset. The Criminal Court denied the motion, stating that "terms such as sexual gratification, degrading and abusive are subjective and up to the jury's discretion."
Defendant argued that, as the People did not present evidence that defendant's alleged acts were degrading or abusive, the court should charge the jury only as to the sexual gratification aspect of forcible touching (see Penal Law § 130.52). The court denied the request.
In his summation, counsel asserted that the incident was not a crime. Defendant "playfully [gave] a one-second kick to [the victim's] butt." Counsel argued that if a man had "snuck up behind another guy who he is friendly" with and gave "him a tap on the butt," criminal charges would not have been filed. Defendant and the complainant were friends, and defendant immediately apologized. Thus, the act was not degrading or abusive. Counsel argued that the complainant's motive was to ultimately sue defendant.
The prosecutor argued that the victim felt terrible, scared, and surprised, and that the incident felt like it lasted for an eternity. Defendant did not object to these comments. The prosecutor subsequently argued:
"We also had the chance to [hear the detective]. What do we know about him?
He interviewed [the victim]. He himself watched the video surveillance you all had the opportunity to see. That exact video.
And after that conversation and after watching that video, he placed the defendant under arrest.
We didn't just have the opportunity [to] hear about how this crime happened. We had an opportunity to watch it happen. We saw it happen with our own eyes. The same video that [the detective] watched before he placed the defendant under arrest."
Defense counsel objected to the last comment, stating that "[t]he fact of an arrest in and of itself means nothing. It is not evidence of guilt." The court overruled the objection.
After discussing the elements of the crimes charged, the prosecutor stated:
"So what do we know about all these elements? We know [that] defendant rubbed his foot against [the complainant's] buttocks and vagina subjecting her to sexual contact. We know it was without consent. We know there was no legitimate purpose. We know that it followed numerous advances that repeatedly were rebuffed by [her].
The defendant was frustrated. We know the defendant thought he could talk to [the complainant] however he wanted. That he could say whatever he wanted to her.
Then one day he decided that he could touch her however he wanted.
Was it degrading? Yes. Was it abusive? Yes. Was it to satisfy his own sexual desire? Yes.
Just like every other comment he made to her over the course of their relationship.
Was it harassment? Yes.
What purpose would there have been besides for to alarm her and annoy her? Because he didn't care how he treated [her]. He didn't care what he said to her.
She was some girl in a car wash that he could say whatever he wanted to, right."
Defendant did not object to any of these comments.
Shortly thereafter, the prosecutor stated:
"Ladies and gentlemen, despite what defense counsel had told you, this wasn't a joke. This wasn't a prank. This wasn't a wet willy.
That is offensive to victims of sexual assault. To their friends, their families. To all of us, quite frankly."
Again, defendant did not object to any of those comments.
The court told counsel that the verdict sheet would inform the jury to consider the charges of sexual abuse in the third degree and forcible touching. If the jury found defendant guilty "on either of them," they were not to consider the harassment charge. However, during the charge, the court told the jury to consider forcible touching, and, whether finding defendant guilty or not guilty of that charge, to consider sexual abuse in the third degree. If the jury found defendant not guilty of sexual abuse, it should consider harassment in the second degree. If the jury found defendant guilty of sexual abuse, it should not consider the harassment charge. The jury found defendant guilty of forcible touching, not guilty of sexual abuse in the third degree, and guilty of harassment in the second degree.
On appeal, defendant argues that the accusatory instrument was jurisdictionally defective because it lacked allegations that he intended to abuse or degrade the victim. In addition, the conviction of forcible touching was not supported by legally sufficient evidence, as defendant immediately apologized, and told the victim that he was only joking. The evidence did not establish that he touched her for the purpose of degrading or abusing her. Defendant further asserts that because the jury found him not guilty of sexual abuse in the third degree, the People did not prove that he acted for the purpose of sexual gratification. Moreover, defendant contends [*3]that the verdict of guilt was against the weight of the evidence.
Defendant further argues that the prosecutor's summation denigrated his defense and emphasized that the detective arrested defendant after viewing the videos. In addition, the prosecutor acted as an unsworn witness by repeatedly using the term "we know" and improperly attempted to evoke sympathy for the victim. The misconduct was not harmless, and, to the extent that no objections were raised, the issue should be reached in the interest of justice. In the alternative, trial counsel was ineffective by not objecting to most of the comments. Defendant also contends that the court erred in denying the request to charge only the sexual gratification element of forcible touching. Finally, at the charge conference, the court indicated that it would inform the jury not to consider the harassment charge unless it found defendant not guilty of both forcible touching and sexual abuse in the third degree. However, the court subsequently erred by permitting the jury to convict defendant of harassment even if it found him guilty of forcible touching. Defendant argues that this issue should be considered in the interest of justice, and that trial counsel was ineffective for not objecting to the improper verdict.
For an information to be facially sufficient, the factual part must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.40 [1] [c]; People v Dumay, 23 NY3d 518, 522 [2014]; People v Kalin, 12 NY3d 225 [2009]). These requirements, with the exception of a claim of hearsay, which is waived if not raised by timely motion in the trial court, are jurisdictional, and may be raised at any time (see People v Dreyden, 15 NY3d 100, 102-103 [2010]; People v Kalin, 12 NY3d at 228-229; People v Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d 354, 360 [2000]; People v Alejandro, 70 NY2d 133, 135 [1987]; People v Lenon, 53 Misc 3d 153[A], 2016 NY Slip Op 51733[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Penal Law § 130.52 (1) provides that "[a] person is guilty of forcible touching when such person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire." In People v Guaman (22 NY3d 678, 684 [2014]), the Court of Appeals determined that, "when done with the relevant mens rea, any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts qualifies as a forcible touch within the meaning of Penal Law § 130.52." In People v Hatton (26 NY3d 364, 370 [2015]), which involved an information charging forcible touching, the Court of Appeals determined that intent may be inferred from the act itself. Regarding the "degrading or abusing" element, the Court held that a defendant's criminal purpose could be inferred from the factual allegations, "based on the complainant's lack of consent and the intimate nature of the act, which is commonly considered to cross the line of propriety, absent a prior relationship or experience suggesting the complainant and defendant had a mutual understanding that such conduct was acceptable" (id. at 370-371). The Court noted that "intent is difficult to discern. Factors such as defendant's expressive conduct, the surrounding circumstances, the location of the incident and the existence of a prior relationship or a common understanding between the parties, may support or negate an inference that defendant harbored the statutory purpose" (id. at 372).
Here, the allegations of the factual part of the information met the Hatton requirements. An inference can be drawn that defendant, at the least, acted to degrade and/or abuse the complainant, as she allegedly did not consent to the act.
To the extent defendant argues that his acquittal of sexual abuse in the third degree meant that he did not act with the intent to gratify his sexual desire, the claim is unpreserved for appellate review, as he did not object to the verdict in the trial court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that defendant's guilt of forcible touching was supported by legally sufficient evidence. Even though the jury found defendant not guilty of sexual abuse, which offense requires that a defendant subject the victim to sexual contact by touching the sexual or other intimate parts of a person in order to gratify sexual desire (see Penal Law §§ 130.00 [3]; 130.55), the evidence adduced at the trial established that, by his acts, defendant sought to degrade or abuse the complainant. The incident occurred in a car wash that solicited public business, where the complainant worked, and where another cashier was present. The videos show defendant smiling immediately after the incident. When defendant claimed that the act was a joke, and attempted to apologize, the complainant yelled. The parties' prior relationship had been somewhat acrimonious. Thus, the jury could infer from defendant's conduct, and the surrounding circumstances, that he committed the crime of forcible touching (see People v Wagner, 72 AD3d 1196, 1197 [2010]; People v Fuller, 50 AD3d 1171, 1175 [2008]). To the extent that defendant claims that there was legally insufficient evidence of forcible touching because his act lasted only one or two seconds, it is without merit (see People v Guaman, 22 NY3d at 684; People v Molina, 26 Misc 3d 51 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), great deference is accorded to the jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defendant's contention regarding the court's charge on forcible touching is without merit. Defendant objected only to the prosecutor's summation comment with respect to the detective arresting defendant. Thus, his claim regarding several other summation comments are unpreserved for appellate review (see People v Wiley, 119 AD3d 821, 822-823 [2014]; People v Molina, 26 Misc 3d at 53-54). In any event, the claims regarding the prosecutor's summation are without merit. Furthermore, defendant's claims of ineffective assistance of trial counsel are likewise without merit. Finally, defendant's contention that the jury should not have considered the harassment charge is unpreserved for appellate review, and is, in any event, without merit.
Accordingly, the judgment of conviction is affirmed.
Solomon, J.P., Pesce and Elliot, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017