19-1588-pr
*Garrison v. Lee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> *Circuit Judge*,
> KATHERINE POLK FAILLA,
> *District Judge*.*

---

JOHN GARRISON,

> *Petitioner-Appellant*,

v.                                                                  19-1588

SUPERINTENDENT WILLIAM LEE,

> *Respondent-Appellee*.

---

For Petitioner-Appellant:                DAVID CROW, The Legal Aid Society, New York, New York

---

\* Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Respondent-Appellee:    ANTHEA H. BRUFFEE, Assistant District Attorney (Leonard Joblove, Sholom J. Twersky, Assistant District Attorneys *on the brief*), *for* Eric Gonzalez, District Attorney, Kings County, Brooklyn, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant John Garrison ("Garrison") appeals from a May 1, 2019 order of the United States District Court for the Eastern District of New York (Mauskopf, *C.J.*), dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Garrison was convicted of rape in the first degree in the New York State Supreme Court, Kings County, following a jury trial, and was sentenced to twenty years' imprisonment, followed by twenty years of post-release supervision. On direct appeal, the Appellate Division, Second Department unanimously upheld Garrison's conviction. *See People v. Garrison*, 103 A.D.3d 751, 752 (2d Dept 2013). The New York Court of Appeals denied leave to appeal. *People v. Garrison*, 21 N.Y.3d 943 (2013). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*  \*  \*

We certified one principal issue for appeal: whether the state trial court deprived Garrison of his constitutional rights by refusing to permit cross-examination of the alleged victim, R.P., concerning her arrest for prostitution sixteen months after the date of the alleged crime. At trial, the evidence was excluded pursuant to New York's rape shield statute. *See* N.Y. CRIM. PROC. LAW § 60.42. On direct appeal, Garrison argued, *inter alia*, that the exclusion of this evidence violated the Sixth and Fourteenth Amendments. Before the district court, Garrison primarily

2

pressed his Sixth Amendment claim. Reviewing this claim under the deferential standard set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court concluded that excluding the arrest evidence was neither arbitrary nor disproportionate in light of the rape shield law's purposes, and thus was not "contrary to or an unreasonable application of Supreme Court precedent pertaining to the Sixth Amendment right of confrontation." Special App'x at 9. The district court dismissed the petition. We affirm.

Here, because the Appellate Division explicitly rejected Garrison's constitutional claims on the merits, *Garrison*, 103 A.D.3d at 752 ("[D]efendant's remaining contentions are without merit."), we owe AEDPA deference to that decision. AEDPA bars a federal court from granting a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Identifying no Supreme Court case that clearly establishes the right to impeach with sexual-conduct evidence notwithstanding a rape shield law in the circumstances here, Garrison relies principally on the "unreasonable application" prong of the statutory provision. A state court unreasonably applies Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 407–08 (2000) (O'Connor, *J.*). A state court decision is not unreasonable "so long as fairminded jurists could disagree" on its correctness. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted).

R.P., Garrison's accuser, testified that she encountered him standing in an alley near her home in East Flatbush, Brooklyn on October 3, 2007, when she was thirteen. Garrison's penis was exposed and he asked her to stand watch while he urinated. When R.P. began to leave,

3

however, Garrison grabbed her and dragged her deeper into the alley, where he demanded sex in exchange for fifty dollars. R.P. testified that when she refused, Garrison said he had a weapon and then raped her. R.P.'s friend, her father, and her stepmother all testified that a distraught R.P. told them she had been assaulted shortly after the encounter. After his arrest, Garrison initially denied R.P.'s accusation, but when confronted with DNA evidence implicating him, he gave a written statement in which he admitted to rubbing himself against R.P.'s vagina while masturbating. He claimed this encounter was consensual and that he had offered to pay her twenty dollars.

Sixteen months after the encounter, and shortly before trial, R.P., who had attempted suicide in the wake of the incident, was arrested for prostitution. Garrison argues that the trial court violated his Sixth Amendment right to "conduct reasonable cross-examination," *Olden v. Kentucky*, 488 U.S. 227, 231 (1988) (per curiam), when it granted the state's motion *in limine* to exclude from trial evidence of R.P.'s arrest under the state rape shield law, N.Y. CRIM. PROC. LAW § 60.42. But "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials," *United States v. Scheffer*, 523 U.S. 303, 308 (1998), "based on concerns about, among other things, harassment, prejudice, [or] confusion of the issues," *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). This is so even when exclusionary rules, like the rape shield law, diminish a defendant's "ability to confront adverse witnesses and present a defense," *Michigan v. Lucas*, 500 U.S. 145, 149 (1991), so long as their application is not "arbitrary or disproportionate to the purposes they are designed to serve," *Rock v. Arkansas*, 483 U.S. 44, 56 (1987). Garrison has not established such a disproportion here, and so has not satisfied AEDPA's deferential standard.

4

Garrison acknowledges the state's categorical judgment that evidence of a person's sexual conduct or "character for chastity is generally irrelevant to a rape prosecution" and frequently serves only to harass or embarrass a complainant. *See People v. Jovanovic*, 263 A.D.2d 182, 192 (1st Dept 1999). He nevertheless argues that the arrest evidence was constitutionally required to be admitted first because R.P. testified that she was falsely accused of engaging in prostitution by the detective who initially interviewed her in the aftermath of the encounter, and second on the theory that her arrest raised the possibility that R.P., under the sway of the state, biased her testimony in favor of the prosecution. However, the defense was able to contradict R.P.'s testimony about her interview with the detective by calling him to the stand. R.P.'s arrest in 2009 had no probative value to explain the differences between R.P's and the detective's accounts of what took place in their 2007 interview. And as for the claim that R.P.'s arrest suggested a potential bias in favor of the prosecution, Garrison did not raise this argument in the trial court. Nor does the record reflect that the state offered R.P., still a minor at the time of trial, any leniency in exchange for favorable testimony.

Garrison relies on *Olden v. Kentucky*, which held that the defendant, Olden, who alleged that his accuser consented to sex but falsely accused him of rape in order to protect her relationship with her boyfriend, had a right to impeach her on her cohabitation with her boyfriend, notwithstanding the state's rape shield law. 488 U.S. at 230–33. *Olden*, however, does not establish a general right to evade rape shield laws and introduce supposedly impeaching sexual conduct evidence. *See Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (per curiam). Garrison's proposed impeachment would have been considerably less probative than Olden's. In light of the limited value of the arrest evidence in illuminating any issue at trial, the state court's preclusion

order was not "beyond reason." *Olden*, 488 U.S. at 232. In such circumstances, AEDPA deference is appropriate.

*     *     *

We have considered Garrison's remaining arguments, including his claim that exclusion of the arrest evidence violated his rights under the Fourteenth Amendment, and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk