People v Folborg (2021 NY Slip Op 03330)





People v Folborg


2021 NY Slip Op 03330


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-09206
 (Ind. No. 4824/15)

[*1]The People of the State of New York, respondent,
v
Akil Folborg, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), rendered July 14, 2016, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the testimony from the complainant's stepmother did not fall within the prompt-outcry exception to the hearsay rule (see People v McDaniel, 81 NY2d 10, 16-17), is unpreserved for appellate review, because the defendant failed to make a specific objection to the testimony of which he now complains (see CPL 470.05[2]; People v Batista, 92 AD3d 793; People v Stalter, 77 AD3d 776, 776-777; People v Brown, 302 AD2d 403). In any event, the testimony fell within the scope of the prompt-outcry exception to the hearsay rule and did not exceed the allowable level of detail (see People v McDaniel, 81 NY2d at 16-18; People v Stalter, 77 AD3d at 777; People v Bernardez, 63 AD3d 1174, 1175; People v Salazar, 234 AD2d 322, 323).
The defendant's contention, raised in his pro se supplemental brief, that there was legally insufficient evidence to support the conviction is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the conviction. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero 7 NY3d 633).
The defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court