People v Holley (2021 NY Slip Op 05416)





People v Holley


2021 NY Slip Op 05416


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


666 KA 17-00689

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON D. HOLLEY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (J. Scott Odorisi, J.), rendered November 14, 2016. The judgment convicted defendant, upon a jury verdict, of falsifying business records in the first degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of three counts of falsifying business records in the first degree (Penal Law § 175.10) but acquitting him of three concomitant counts of insurance fraud in the fifth degree (§ 176.10). Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally id.).
Defendant further contends that the split verdict is repugnant. Even assuming, arguendo, that defendant preserved that contention for our review by objecting to the verdict "before the jury was excused" (People v Hunter, 46 AD3d 1417, 1418 [4th Dept 2007], lv denied 10 NY3d 812 [2008]), we find no repugnancy in the verdict. A conviction will be reversed as repugnant "only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (People v Tucker, 55 NY2d 1, 7 [1981], rearg denied 55 NY2d 1039 [1982]). "The determination as to the repugnancy of the verdict is made solely on the basis of the trial court's charge and not on the correctness of those instructions" (People v Hampton, 61 NY2d 963, 964 [1984]). Moreover, we cannot consider "the particular facts of the case" (People v Johnson, 70 NY2d 819, 820 [1987]; see People v Muhammad, 17 NY3d 532, 539 [2011]).
Here, the jury's not guilty verdict on the counts of insurance fraud did not necessarily negate an essential element of the falsifying business records in the first degree counts. "A person is guilty of falsifying business records in the first degree when he commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof" (Penal Law
§ 175.10). Although the jury acquitted defendant of insurance fraud, which is the crime the People alleged that defendant intended to commit or conceal by falsifying business records, the jury could "convict defendant of falsifying business records if the jury concluded that defendant had intended to commit or conceal another crime, even if he was not convicted of the other crime" (People v McCumskey, 12 AD3d 1145, 1146 [4th Dept 2004]; see People v Crane, 87 [*2]AD3d 1386, 1386 [4th Dept 2011], lv denied 17 NY3d 952 [2011]).
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court